## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| MALINDA ATKINSON,<br><br>        Plaintiff,<br><br>v.<br><br>ZIONS BANCORPORATION,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (DOC. NO. 19)**<br><br>Case No. 2:24-cv-00316<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Malinda Atkinson filed this action against her employer, Zions Bancorporation, in May 2024, asserting claims for sex discrimination under Title VII of the Civil Rights Act of 1964[1] and violations of the Equal Pay Act.[2] On February 18, 2025, Ms. Atkinson moved to amend her complaint to add new claims and allegations based on Zions' termination of her employment on December 20, 2024.[3] Specifically, she seeks to add retaliation claims under Title VII and the Equal Pay Act, and new claims under the Family and Medical Leave Act,[4] Americans with Disabilities Act,[5] and Rehabilitation Act

---

[1] 42 U.S.C. § 2000e et seq.

[2] 29 U.S.C. § 206(d); (Compl., Doc. No. 2).

[3] (Pl.'s Mot. for Leave to File First Am. Compl. (Mot.), Doc. No. 19.)

[4] 29 U.S.C. § 2601 et seq.

[5] 42 U.S.C. § 12101 et seq.

of 1973.[6]  Zions opposes the motion in part, arguing some of the proposed claims are futile.[7]  Because Zions' futility arguments are more appropriately addressed in the context of a motion to dismiss, and there is no other basis to deny leave to amend, Ms. Atkinson's motion is granted.

<u>LEGAL STANDARDS</u>

Rule 15 of the Federal Rules of Civil Procedure provides that unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[8]  Rule 15 instructs courts to "freely give leave when justice so requires."[9]  "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[10]  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of

---

[6] 29 U.S.C. § 701 et seq.

[7] (Def.'s Mem. in Opp'n to Pl.'s Mot. for Leave to File First Am. Compl. (Opp'n), Doc. No. 22.)

[8] Fed. R. Civ. P. 15(a)(2).

[9] *Id.*

[10] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted).

amendment."[11]  Prejudice to the opposing party is the "most important" factor in deciding whether to permit amendment.[12]

In addition to satisfying the Rule 15(a) standard, a party seeking leave to amend pleadings after the deadline in the scheduling order has passed must also demonstrate good cause to modify the scheduling order under Rule 16(b)(4).[13]  "[G]ood cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party."[14]

<u>ANALYSIS</u>

As an initial matter, Ms. Atkinson's motion was filed after the deadline for moving to amend pleadings (September 30, 2024).[15]  Therefore, she must show good cause under Rule 16 to extend this deadline.  Ms. Atkinson does not expressly address Rule 16 or the good cause standard in her motion.  But good cause is apparent here, where the proposed amendment is based on an event occurring after the amendment deadline: her December 20, 2024 termination.  Ms. Atkinson filed her motion less than

---

[11] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation omitted).

[12] *Minter*, 451 F.3d at 1207.

[13] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014); *see also* Fed. R. Civ. P. 16(b)(4) (providing that a scheduling order "may be modified only for good cause and with the judge's consent").

[14] *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (alteration in original) (internal quotation marks omitted).

[15] (*See* Scheduling Order, Doc. No. 14.)

two months later, and Zions does not argue the motion was untimely.  Accordingly, good cause exists to extend the amendment deadline.

Turning to the Rule 15 factors, Zions opposes the motion to amend solely on the grounds that the proposed amendment would be futile.  Although leave to amend may be denied based on futility alone,[16] courts may decline to engage in a futility analysis in the context of a motion to amend if the arguments would be more appropriately addressed in dispositive motions.[17]  Particularly where futility arguments duplicate arguments which could be raised in a motion to dismiss, courts have found that addressing those arguments in the context of a motion to amend "place[s] the cart before the horse," and "defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place."[18]

In this case, Zions' futility arguments would be more appropriately addressed in dispositive motions.  Zions argues Ms. Atkinson's proposed Title VII retaliation claim and ADA claims are futile because she failed to exhaust her administrative remedies,

---

[16] *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[17] *See Lambe v. Sundance Mountain Resort*, No. 2:17-cv-00011, 2018 U.S. Dist. LEXIS 162268, at *7–8 (D. Utah Sept. 21, 2018) (unpublished) (declining to engage in a futility analysis where "the viability of [the new] claim is more appropriately addressed in the context of a dispositive motion as opposed to a motion for amendment"); *Stender v. Cardwell*, No. 07-cv-02503, 2011 U.S. Dist. LEXIS 38502, at *10–11 (D. Colo. Apr. 1, 2011) (unpublished) (declining to consider futility arguments based on failure to state a claim, where the opposing party failed to assert undue prejudice and could raise the same arguments in the context of a motion to dismiss).

[18] *Obeslo v. Great-West Cap. Mgmt.*, Nos. 16-cv-00230 & 16-cv-01215, 2017 U.S. Dist. LEXIS 223891, at *10 (D. Colo. Feb. 21, 2017) (unpublished), *R. & R. adopted*, 2017 U.S. Dist. LEXIS 223892 (D. Colo. Mar. 14, 2017) (unpublished).

and her Rehabilitation Act claim is inadequately pleaded.[19]  These same arguments could be raised in a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Rather than forcing a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, these arguments would be more appropriately addressed in the context of a motion to dismiss.

This is particularly true where Zions does not allege any undue delay, bad faith, or dilatory motive by Ms. Atkinson, and does not assert it would suffer undue prejudice if the amendment were allowed.  This is Ms. Atkinson's first amendment, and fact discovery is still open.[20]  Thus, none of the other factors justifying denial of leave to amend are present here.

For these reasons, the court declines to engage in a futility analysis at this stage. Where there is no other basis to deny leave to amend, justice requires leave to amend be granted.

<u>CONCLUSION</u>

Ms. Atkinson's motion to amend[21] is granted.  Ms. Atkinson shall file her First Amended Complaint in the form found at Exhibit A to the motion within seven days.

---

[19] (Opp'n 2, 4–6, Doc. No. 22.)

[20] (*See* Am. Scheduling Order, Doc. No. 18.)  The deadline to serve written discovery recently passed on May 15, and fact discovery is set to close on June 15.  (*Id.*)

[21] (Doc. No. 19.)

Once filed on the docket, the First Amended Complaint will be the operative pleading in this case.

DATED this 27th day of May, 2025.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge