THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MALINDA ATKINSON,<br><br>    Plaintiff,<br><br>v.<br><br>ZIONS BANCORPORATION N.A.,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [ECF NO. 33] DEFENDANT'S PARTIAL MOTION TO DISMISS CLAIMS IN THE FIRST AMENDED COMPLAINT**<br><br>Case No. 2:24-cv-00316-DBB-DAO<br><br>District Judge David Barlow |

Before the court is Defendant Zions Bancorporation N.A.'s ("Zions") Partial Motion to Dismiss Claims in the First Amended Complaint,[1] Plaintiff's response brief,[2] and Defendant's reply.[3] Plaintiff Malinda Atkinson is a former employee of Zions alleging employment discrimination. Zions moves to dismiss Ms. Atkinson's claim for violation of the Rehabilitation Act of 1973.[4]

## BACKGROUND

Ms. Atkinson worked for Zions from 2002 until 2024 in various position.[5] Ms. Atkinson alleges that she was paid less than comparable male employees in similar positions, despite

---

[1] Def.'s Partial Mot. to Dismiss Claims in the First Am. Compl. ("MTD"), ECF No. 33, filed June 30, 2025.
[2] Pl. Mem. in Opp'n to Def.'s Partial Mot to Dismiss ("Opp."), ECF No. 36, filed August 4, 2025.
[3] Def.'s Reply Mem. in Supp. of Partial Mot. to Dismiss Claims in the First Am. Compl. ("Reply"), ECF No. 38, filed August 18, 2025.
[4] Zions also initially moved for additional claims to be dismissed for failure to exhaust administrative remedies. *See* MTD 5–6. Zions withdrew those arguments after receiving a Notice of Right to Sue from the EEOC prior to filing their reply brief. *See* Reply 1–3. Accordingly, the court denies Zions' motion to dismiss those claims.
[5] First Am. Compl. ¶¶ 16, 18, 30, 43, 53, ECF No. 26, filed June 2, 2025.

seeking multiple raises and bringing up the disparate pay to her supervisors and HR.[6] In 2022, while still working at Zions, Ms. Atkinson filed a discrimination charge with the Utah Antidiscrimination and Labor Division.[7] Ms. Atkinson filed this action in May 2024, initially claiming sex discrimination and violation of the Equal Pay Act.[8] While this lawsuit was pending, Ms. Atkinson went on Family Medical Leave Act (FMLA) leave from September 6, 2024 until December 5, 2024.[9] Shortly after returning from FMLA leave, on December 20, 2024, Ms. Atkinson was terminated for sending company documents to her personal email.[10] Ms. Atkinson alleges this stated reason for the termination was pretextual.[11]

After obtaining leave of the court, Ms. Atkinson amended her complaint to include additional claims based on her termination.[12] At issue here is her seventh cause of action: disability discrimination and retaliation in violation of the Rehabilitation Act.[13]

## DISCUSSION

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted. Each cause of action must be supported by sufficient, well-pled facts to be plausible on its face.[14] In reviewing a complaint on a Rule 12(b)(6) motion to dismiss, factual allegations are accepted as true and reasonable inferences are drawn in a light most favorable to the plaintiff.[15] But the

---

[6] *Id.* at ¶¶ 23, 31, 36–40.
[7] *Id.* at ¶ 42.
[8] Compl., ECF No. 2, filed May 3, 2024.
[9] First Am. Compl. ¶ 48.
[10] *Id.* at ¶ 53.
[11] *Id.* at ¶¶ 53–54.
[12] *Id.* at ¶¶ 74–109.
[13] *See id.* at ¶¶ 103–09.
[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[15] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

court disregards "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation[s]" of the law.[16]

"To make out a prima facie case for discrimination in violation of the Rehabilitation Act, [the plaintiff] must establish: '(1) that [she] is disabled under the Act; (2) that [she] would be 'otherwise qualified' to participate in the program; (3) that the program receives federal financial assistance (or is a federal agency ...); and (4) that the program has discriminated against the plaintiff.'"[17]

Here, Plaintiff offers only a conclusory statement that Zions receives federal financial assistance. Plaintiff's First Amended Complaint states: "Zions received and continues to receive substantial federal funds and therefore it is a "program or activity" as defined under 29 U.S.C. § 794(b)(1)(A) and (B) of the Rehabilitation Act." This is a "conclusory" or "formulaic recitation" of the law.[18] Plaintiffs provides no factual allegations that support this claim or make it plausible that Zions receives federal funds, much less the "federal financial assistance" which the statute requires. Plaintiff provides no supporting factual allegations in the complaint. More is required of the complaint under the *Iqbal/Twombly* standard.

## ORDER

Defendant's Partial Motion to Dismiss Claims in the First Amended Complaint[19] is GRANTED in PART and DENIED in PART. Plaintiff's seventh cause of action—violation of the Rehabilitation Act—is dismissed without prejudice.

---

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).
[17] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1262 (10th Cir. 2010) (quoting *McGeshick v. Principi,* 357 F.3d 1146, 1150 (10th Cir. 2004)).
[18] *See Iqbal*, 556 U.S. at 681.
[19] ECF No. 33.

Signed September 30, 2025.

BY THE COURT

_____
David Barlow
United States District Judge